[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2008
THOMAS K. KAHN
CLERK

No. 07-12893
Non-Argument Calendar

_____

D. C. Docket No. 06-00095-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMOND R. MILLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 28, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

This is Demond Mills' appeal of his conviction and sentence for possession

with intent to distribute 500 or more grams of powder cocaine, in violation of 21 U.S.C. § 841(a)(1).

## I.

On February 8, 2006, Kevin Robinson and Demond Mills were driving on I-95 when Sheriff's Deputy Mark Crowe initiated a traffic stop. Robinson, who was driving, pulled over to the side of the road. While giving Robinson a ticket for a minor traffic violation, Crowe became suspicious that the car might contain drugs. Although Robinson refused to consent to a search of the car, Crowe called for a canine unit. The drug dog and its handler happened to be nearby, and they arrived before Crowe had finished giving Robinson a warning citation. The dog sat down by the car's rear passenger door, its signal that it had scented drugs there. Upon searching the car, the handler found a package containing approximately a kilogram of cocaine.

Mills and Robinson were arrested and taken to the Bryan County jail. Both signed <u>Miranda</u> waivers and gave statements to Detective Gary Provost. Mill's statement recounted his version of how he came to be in the car with Robinson and the cocaine. Mills made the following claims: A woman named "Fluff" asked him to get rid of her car so that she could claim it had been stolen to her insurance company. Before he and Robinson left Florida, Fluff asked Mills to take the rear

passenger door panel off so that she could get something inside. Fluff took out a package of cocaine, drove away in the car, and then returned with the car an hour later. Then Mills and Robinson took the car and started to drive to Delaware, where Mills lived. They were on their way there when they were arrested. Robinson's statement recounted basically the same facts.

A federal grand jury indicted Mills and Robinson each with one count of possession with intent to distribute 500 or more grams of powder cocaine, in violation of 21 U.S.C. § 841(a)(1). Mills pleaded not guilty. Robinson pleaded guilty to a lesser included charge and agreed to testify against Mills.

At trial, the government called Deputy Crowe and Detective Provost, who testified to the facts recounted above. The government also called a forensic chemist from the Georgia Bureau of Investigation, who testified that the package found in the car with Mills contained 1031.1 grams of powder cocaine. As its last witness, the government called Robinson.

Robinson admitted that he had been addicted to cocaine and marijuana for fifteen years, that he had sold cocaine, and that he hoped to receive a lesser sentence in exchange for testifying. Robinson further testified that it was Mills' plan to buy cocaine and take it to Delaware to sell it and that he had seen Mills with the cocaine before they started driving. On cross-examination, Mills' attorney

3

emphasized some discrepancies between Robinson's testimony at trial and his statement to Detective Provost, such as where he saw Mills with the cocaine before they began their trip.

Following the government's case-in-chief, Mills called Special Agent Stephen Tinsley of the Drug Enforcement Agency. Mills' attorney asked Tinsley about his interview of Robinson in anticipation of Robinson testifying, which contained statements that arguably conflicted with Robinson's testimony at trial. Tinsley denied that there was any contradiction between the two. Finally, Mills testified on his own behalf. He recounted the version of events in the statement he had given to Detective Provost and stated that he did not know that there were drugs in the car. He also stated that he had never been convicted of a drug crime. After testifying, Mills rested his case.

Following closing arguments, the jury found Mills guilty of the sole count of the indictment. Mills now appeals his conviction.

## II.

Mills contends that there was insufficient evidence to convict him of possession with intent to distribute 500 or more grams of powder cocaine. We review de novo the sufficiency of the evidence supporting a criminal conviction, but we examine the evidence in the light most favorable to the government and

4

make all inferences and credibility choices in favor of the jury's verdict. United States v. Anderson, 289 F.3d 1321, 1325 (11th Cir. 2002). To convict a defendant of possession with intent to distribute, the government must prove that he had knowing possession of a controlled substance with intent to distribute it. United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006).

Mills argues that no reasonable jury could have found beyond a reasonable doubt that he was guilty because the only evidence that he knew there were drugs in the car came from Robinson, who was not credible. Mills points out that Robinson admitted to being convicted of other felony drug offenses, to being an addict, and to testifying in the hope of receiving a lower sentence. Mills, by contrast, had never been convicted of a drug crime and testified that he did not know the drugs were in the car.

Mills' argument is that he was a more credible witness than Robinson, but that is exactly the type of credibility determination we leave to the jury. See Anderson, 289 F.3d at 1325. If the jury believed Robinson when he testified that Mills knew there were drugs in the car, as apparently it did, there was sufficient evidence to convict. Further, when a defendant testifies the jury is entitled to believe the opposite of his statements denying culpability. United States v. Vazquez, 53 F.3d 1216, 1226 (11th Cir. 1995). Mills testified that he did not know

5

that there were drugs in the car, and the jury was free to infer that he was lying. We conclude that there was sufficient evidence for a reasonable jury to find Mills guilty beyond a reasonable doubt.

**AFFIRMED.**